UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2019 JAN 29  PM 12: 31

S.D. OF N.Y.

UNITED STATES OF AMERICA,
     Plaintiff,

v.

MAURICE CLARK,
     Defendant.

-------------------------------X

Case No. 02-cr-1372(BSJ)

MOTION FOR RESENTENCING OR SENTENCE MODIFICATION
PURSUANT TO THE FIRST STEP ACT OF 2018

The Defendant, Maurice Clark, acting pro se, respectfully moves this Court for Resentencing or Sentence Modification Pursuant to the First Step Act of 2018 (FSA 2018) which calls for the retroactive application of the Fair Sentencing Act of 2010 (FSA 2010).

APPLICATION OF THE FIRST STEP ACT OF 2018

This Court has authorization to resentence, reduce, or otherwise modify Clark's sentence in accordance with Title IV of the First Step Act Section 404 which promulgates the retro-active applicability of the FSA 2010. This means the FSA 2010 now applies to defendnat's sentenced prior to the enactment of the FSA 2010. Under the FSA 2010 Congress reduced the crack to

powder cocaine ratio from 100:1 to 18:1. This alteration increased the amount of crack required to trigger the mandatory minimum penalties under 21 U.S.C. § 841(b). Hence, the 50 grams of crack cocaine needed to trigger the 10 year penalty (or 20 year penalty based on an § 851 filing) under § 841(b)(1)(A) was amended to 280 grams. The 5 grams of crack cocaine needed to trigger the 5 year penalty (or 10 year penalty based on an § 851 filing) under § 841(b)(1)(B) was amended to 28 grams.

Based on the FSA 2018, these amendments now apply to Clark's case. On October 27, 2004, Clark was convicted on two counts following a jury's adjudication of guilt. Count 1 charged Clark with Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(1)(A). Count 4 charged Clark with Possessing a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).

For Count 1 Clark faced a minimum of 20 years and a maximum of life imprisonment and a 10 year term of supervised release as predicated on the Government's § 851 filing. For Count 4 Clark faced a minimum of 5 years to run consecutive to any other count of conviction and a 4 year term of supervised release.

On July 16, 2006, at sentencing, the Court rendered a non-guideline sentence of 300 months which was Clark's statutory mandatory minimum. Accordingly, the Court imposed a mandatory

minimum sentence of 240 months as to Count 1 and a mandatory minimum sentence of 60 months as to Count 4 to run consecutive providing for an aggregated term of 300 months imprisonment.

Due to the amendments made to the § 841(b) penalties as set forth in the FSA 2010, made available, via, the FSA 2018, the statutory mandatory minimum in Clark's case can no longer stand. Specifically, Clark's sentence under § 841(b)(1)(A) for Count 1 should be adjusted. Accordingly, Clark should be resentenced under § 841(b)(1)(B), which, in Clark's case, with a § 851 filing, carries a statutory mandatory sentence of 120 months of imprisonment to be followed by 8 years supervised release. This sentence modification thereby provides for an aggregate statutory mandatory sentence of 180 months.

Clark implores this Court to impose this new 180 months as the statutory mandatory minimum which would reflect the intent of the sentencing court. A review of Clark's sentencing transcript will show the presiding judge, the Honorable Barbara S. Jones, expressed a  desire to give Clark less time.

Accordingly, Clark respectfully request that the Court GRANT the foregoing motion and render a resentencing based on the Fair Sentencing Act of 2010 made retroactively applicable by the First Step Act of 2018.

Respectfully Submitted,

_M. Clark_

M. Clark